UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. _____

| | | |
|---|---|---|
| BUDDY A. COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| MARLBORO COUNTY SHERIFF'S | ) | |
| OFFICE and MARLBORO COUNTY | ) | |
| and CHARLES LEMON, individually | ) | (JURY TRIAL DEMANDED) |
| and in his official capacity as Sheriff, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action is brought to remedy reverse race discrimination in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"); and this action is also brought to remedy disability discrimination in the terms, conditions and privileges of employment in violation of the Americans with Disabilities Act of 1990("ADA"), 42 U.S.C. §§ 12101, 12112(b), as amended by the Americans with Disabilities Act Amendments Act ("ADAAA"), Pub. L. No. 110-325, §8; 122 Stat. 3553 (Sept. 25, 2008). Both claims of race and disability discrimination are also brought pursuant to South Carolina Human Affairs Laws, S.C. Code §1 13 80 *et seq*.

This Court has jurisdiction of this matter under 42 U.S.C. §2000e-5(f), and under 28 U.S.C. §1331 and 1343(4).

1

Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because Marlboro County Sheriff's Office is located within the District of South Carolina, Florence Division, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred, and continue to occur, within the District of South Carolina, Florence Division.

The Plaintiff would show unto this Honorable Court as follows:

1.    Plaintiff is a Native American citizen of the United States and a resident of Bennettsville, South Carolina. Plaintiff suffered a work related injury on or about April 5, 2017, that left Plaintiff with a back and head injury as well as severe PTSD; these conditions restricted Plaintiff's ability to perform daily living activities and to work.  Plaintiff qualifies as an individual with a disability as defined under ADAAA

2.    Plaintiff is informed and believes that Defendant, Sheriff Charles B. Lemon (hereinafter "Sheriff Lemon") is an African American citizen of the United States and a resident of Bennettsville, South Carolina. In his official capacity, Defendant Lemon is the sheriff and a constitutional officer and his duties are regulated and defined by statute.

3.    Plaintiff is informed and believes that Defendant, Marlboro County, is a county currently under an eight district Council/Administrator form of government operating under the laws and Constitution of the State of South Carolina and subject to federal laws and mandates such as Title VII and  ADAAA.

4.    Plaintiff is informed and believes that Defendant, Marlboro County Sheriff's Office, is a department within Marlboro County Government and is the

Department that employs those persons who are under the direction of Marlboro County Sheriff who are all operating under the laws and Constitution of the State of South Carolina and subject to federal laws and mandates such as Title VII.

5.    On information and belief, at all times relevant to the allegations in this complaint, the Defendants were authorized to and did waive any state-law immunity from civil liability under state-law causes of action by purchasing liability insurance, either by contract with an insurance company or by participation in an insurance risk pool that covers the claims raised in this lawsuit.

6.    All Defendants are employers within the meaning of 42 U.S.C. §2000e-(b).

7.    On February 5, 2019, the Equal Employment Opportunity Commission issued Plaintiff a notice informing Plaintiff of Plaintiff's right to sue regarding EEOC charge 14C-2018-00843.

8.    Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII and filed a timely charge of reverse race discrimination with the Equal Employment Opportunity Commission and brings this action within ninety (90) days of the receipt of the Notice of Right to Sue.

9.    At all times referenced in the complaint, Plaintiff had been employed with Defendant, Marlboro County Sheriff's Office, as a Deputy from June 2015 until on or about October 26, 2017.

10.   Plaintiff filed a charge of discrimination based on race and disability, because throughout the course of employment, Plaintiff was treated differently on the

3

basis of race and disability in the terms, privileges and conditions of employment in ways which include but are not limited to the following:

a.    Plaintiff, a Native American employee, who became disabled due to a work related injury, was performing satisfactorily until Sheriff Charles Lemon was voted into office; and in January, 2017, while still sheriff elect, Lemon appeared to remove a number of non black employees without cause.

b.    Despite Plaintiff's clear qualifications based on experience and training and despite the absence of a significant disciplinary history for Plaintiff, Defendant Sheriff Lemon subjected Plaintiff to a hostile work environment and ultimately termination after Plaintiff was injured on the job.

c.    Plaintiff was subjected to intimidation from approximately July 20, 2017 to October 26, 2017. First, Defendant decreased Plaintiff's pay without explanation and in a manner unequal to black employees. Then, after being injured on the job, Plaintiff was antagonized and isolated by Sheriff Lemon in a manner unequal to black employees and unequal to employees without a disability.

d.    Plaintiff had every intention of returning to work once cleared by medical professionals and Defendant was aware of Plaintiff's intent and desire to return to work in any capacity, modified or light duty. Defendant failed to search for any accommodate positions for Plaintiff and required Plaintiff

4

to return to work without any restrictions. Defendant also refused to accommodate Plaintiff with extended leave during his work related injury, in a manner unequal to black employees who were granted extended leave.

e.    Plaintiff was discharged on or about October 26, 2017, when Defendant claimed Plaintiff's position was filled while Plaintiff was on medical leave. Plaintiff is aware of African American employees who were on leave for extended periods of time and were not terminated. Plaintiff is also aware of Caucasian employees who were on leave for extended periods of time and were terminated, like Plaintiff.

f.    Defendants engaged in, condoned or failed to correct an obvious pattern of the newly elected sheriff to remove or intimidate a number of non black or caucasian employees.    Many positions vacated were filled by less qualified African Americans.

g.    Defendants were aware of or should have been on notice of the sheriff's conduct which violated state and federal laws; and no action was taken to stop the sheriff's conduct.

h.    No legitimate business reason or no reason at all was given for the termination of Plaintiff or any non black or Caucasian employee similarly situated.

5

      i.    Any attempt to grieve the conduct of the sheriff were stifled by Defendants' position that the Sheriff had complete autonomy over employees.

11.    On various dates and occasions described above, Plaintiff was treated and terminated in an unfair, unequal, harassing and threatening way which segregated Plaintiff and adversely affected Plaintiff's status as an employee, because of Plaintiff's race and disabling condition.   Similarly situated African American employees did not receive this treatment.

12.    During the course of employment, Plaintiff has observed and is informed about Defendants, through the unequal treatment in the terms conditions and privileges of employment, engaging in a pattern and practice of discrimination on the basis of race and disability against Plaintiff and other employees.

13.    As a result of the above referenced acts within Defendants' employment practices and work environment, Plaintiff has suffered loss of employment position, loss of pay, compensatory damage, emotional harm, as well as harm to reputation as a long time employee being removed abruptly without cause.

14.    Defendants' acts of discrimination within Defendants' employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

15.    Defendants' facially neutral policies and procedures were applied in a discriminatory and politically retaliatory manner and in a manner which had a

disparate impact on Plaintiff and other non black or Caucasian employees similarly situated.

## COUNT I
### (TITLE VII VIOLATION)

16.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-15 of this Complaint with the same force and effect as if set forth herein.

17.    Plaintiff, a Native American employee, who became disabled, was performing satisfactorily until Sheriff Charles Lemon was voted into office; and Lemon, an African American, terminated a number of non black and Caucasian employees without cause and in a manner unequal to African American employees.

18.    Plaintiff was subjected to intimidation and harassment to include a decrease in pay without cause and failed accommodations while on disability and ultimately termination; all conduct done in a manner that was unequal to the treatment African American employees received.

19.    The foregoing actions of Defendants discriminated against Plaintiff because of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2.

20.    Plaintiff has suffered injury, including immediate and irreparable injury, as a direct and proximate result of the Defendants' violation of all said rights as alleged herein. Plaintiff has suffered loss of employment position, loss of pay, compensatory damage, emotional harm, as well as harm to reputation as a long time employee being removed abruptly without cause.

## COUNT II
### (ADA/ADAAA VIOLATION)

21.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-20 of this Complaint with the same force and effect as if set forth herein.

22.  Plaintiff, a Native American employee, who became disabled, was performing satisfactorily until Sheriff Charles Lemon was voted into office; and Lemon, an African American, terminated a number of non black and Caucasian employees without cause and in a manner unequal to the treatment of employees without a disability.

23   Plaintiff was subjected to intimidation and harassment to include isolation and hostile work environment and failed accommodations while on disability and ultimately termination; all conduct done because of Plaintiff's disability and was done in a manner that was unequal to the treatment non disabled  employees received.

24.  The foregoing actions of Defendants discriminated against Plaintiff because of from on or about May 2, 2016 to August 31, 2016, Defendant engaged in unlawful employment practices in Florence, South Carolina, in violation of the ADA, 42 U.S.C. § 12112 by failing to accommodate Plaintiff with his restrictions; by perceiving Plaintiff as disabled and unfit to work; by requiring Plaintiff to be able to work without restriction before he could return; by forcing Plaintiff to remain on leave; and by terminating Plaintiff while on leave.

25.  Plaintiff has suffered injury, including immediate and irreparable injury, as a direct and proximate result of the Defendants' violation of all said rights as

alleged herein. Plaintiff has suffered loss of employment position, loss of pay, compensatory damage, emotional harm, as well as harm to reputation as a long time employee being removed abruptly without cause.

## COUNT II
### (S.C. HUMAN AFFAIRS LAW VIOLATION)

26.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-25 of this Complaint with the same force and effect as if set forth herein.

27.   Plaintiff, a Native American employee, who became disabled, was performing satisfactorily until Sheriff Charles Lemon was voted into office; and Lemon, an African American, terminated a number of non black and Caucasian employees without cause and in a manner unequal to the treatment of employees without a disability and African American Employees.

28.   Plaintiff was subjected to intimidation and harassment to include isolation and hostile work environment and failed accommodations while on disability and ultimately termination; all conduct done because of Plaintiff's disability and was done in a manner that was unequal to the treatment non disabled  employees or African American employees  received.

29.   Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his sex and race and retaliated against Plaintiff after his complaints in violation of South Carolina Human Affairs Law, S.C. Code §1-13-80.

9

30.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A.     Award Plaintiff, under Title VII and ADAAA and SC Human Affairs laws reinstatement, back pay and other compensatory and punitive damages in an amount to be determined by a jury, as well as damages for allowable state claims;

B.     Award Plaintiff, under 42 U.S.C. §2000e-5(k), reasonable attorney fees and costs of this action; and,

C.     Award Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By: ___s/  Pheobe A. Clark_____
**Pheobe A. Clark**
Federal ID No. 9888
Post Office Box 13057
Florence, SC  29504-3057
Phone: (843) 669-5634
May 2, 2019                                          Fax:  (843) 669-5150