IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Buddy A. Cole, | ) | Case No.: 4:19-1287-JD |
| Plaintiff, | ) | |
| vs. | ) | **OPINION & ORDER** |
| Marlboro County Sheriff's Office and Marlboro County and Charles Lemon, individually and in his official capacity as Sheriff, | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Buddy A. Cole ("Cole") seeks damages based on alleged employment-related race discrimination and disability discrimination under Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act, as amended ("ADA"), and the South Carolina Human Affairs Law ("SCHAL"). (DE 1, Compl.) Defendants filed a motion for summary judgment along with a memorandum and exhibits in support thereof. (DE 51, Mot. Summ. J.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff filed a response in opposition on July 15, 2020. (DE 53.) Defendants filed a reply to Plaintiff's response on July 22, 2020. (DE 55.) Thereafter, Magistrate Judge West issued a Report and Recommendation, recommending Defendant's Motion for Summary Judgment be granted and the case dismissed. (DE 58.) Cole filed objections (DE 60) to the Report and Recommendation. For the reasons stated below, the Court adopts the Magistrate Judge's Report and Recommendation, grants Defendant's Motion for Summary Judgment and dismisses this action.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On June 28, 2015, the Sheriff of Marlboro County, Fred Knight, hired Plaintiff, who is Native American, as a deputy sheriff at an annual salary of $32,000. Thereafter, Knight did not seek reelection for Sheriff in 2016, and Sheriff Lemon won the 2016 election and took office on January 2, 2017. On April 5, 2017, Plaintiff suffered severe injuries on the job. The Sheriff's Office placed Plaintiff on medical leave on April 5, 2017, and he remained on leave until he was terminated on October 27, 2017. The Sheriff's Office kept Plaintiff's job open and did not fill his position during that time. Plaintiff acknowledged that he never requested any workplace accommodation while on medical leave. While on medical leave, Plaintiff did not give the Sheriff's Office any indication of when he might be able to return to work. As of May 13, 2020, Plaintiff had not been cleared by a neurologist to return to work, nor had any doctor cleared him to return to any work, including light-duty work. On October 27, 2017, Sheriff Lemon and Grover McQueen, Human Resources ("HR") Director for Marlboro County, met with Plaintiff. Plaintiff testified that Sheriff Lemon and Plaintiff were "very nice" to him during the meeting. Plaintiff testified that, at that time, he did not have any idea when he would be able to return to work, and Plaintiff's employment was terminated effective October 27, 2017. Plaintiff was advised that he

was being released, his position was being filled, and that he could go back and reapply for his position if at any time he was released to return to work.

Sheriff Lemon testified that he told Plaintiff at that meeting that if Plaintiff obtained a doctor's note clearing him to return to work Lemon would have him return. Plaintiff's position was filled by Victoria Cheeks, a Caucasian female. Plaintiff did not file a grievance after his employment ended with the Sheriff's Office. Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission ("SCHAC") and the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on race and disability.

Plaintiff filed the instant action on July 31, 2019. (DE 1.) On July 1, 2020, Defendant filed a Motion for Summary Judgment. (DE 51.) Plaintiff field a memorandum in opposition to Defendant's Motion for Summary Judgment on July 15, 2020. (DE 53.) Defendant filed a reply thereto on July 22, 2020. (DE 55.) Magistrate Judge West issued a Report and Recommendation, recommending Defendant's Motion for Summary Judgment be granted and the case dismissed. (DE 58.) Cole filed objections (DE 60) to the Report and Recommendation. This matter is now ripe for review.

**II.     DISCUSSION**

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Cole makes two specific objections: (1) Plaintiff objects to the Magistrate's finding that Plaintiff lacks comparator evidence necessary for a Title VII claim; and (2) Plaintiff objects to the Magistrate's recommendation that Plaintiff's complaint be dismissed based on a finding that Plaintiff is not a qualified individual with a disability. (DE 60, p. 3.) As to the Plaintiff's first objection, the "regarded as" disabled analysis is inapplicable because Defendants do not challenge the distinct issue of whether Plaintiff can demonstrate he is "disabled" under ADA. As to Plaintiff's second objection, Plaintiff is not a qualified individual because attendance is an essential function of any job and since Plaintiff has not provided a work-release authorization from a medical professional, he cannot demonstrate he is able to perform the essential functions of his job with or without accommodation. (DE 58, p. 22.) Specifically, Plaintiff did not demonstrate he can perform the essential functions of his job because he has not provided any evidence of testimony that he could attend his job or that he could somehow perform his job functions from home. <u>Lewis v. Univ. of Md.,</u> Baltimore, No. CIV. SAG-12-298, 2012 WL 5193820, at *4 (D. Md. Oct. 18, 2012), aff'd 533 F. app'x 270 (4th Cir. 2013) (finding plaintiff precluded from recovery under failure-to-accommodate or disability-discrimination claims because she had not been released to work and had not demonstrated she could perform essential functions of her job without attending his job). Accordingly, this court adopts Magistrate Judge West's Report and Recommendation.

It is therefore **ORDERED** that the Defendants' motion for summary judgment (DE 51) is granted, and this action is dismissed.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

February 18, 2021
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.